UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KENNETH WILSON BARNETTE,

Plaintiff,

v.

SACRAMENTO COUNTY SHERIFF'S
DEPT., et al.,

Defendants.

No. 2:24-cv-00743-EFB (PC)

ORDER AND FINDINGS AND
RECOMMENDATIONS

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. Plaintiff initiated this action on March 11, 2024. ECF No. 1.[1] The complaint alleges that plaintiff was seriously injured while he was incarcerated at the Sacramento County Jail on October 27, 2019, in violation of the Eighth Amendment. *Id.* at 3. Defendants have now filed a motion to dismiss the complaint on the grounds that it fails to state a claim. ECF No. 18. Plaintiff has opposed defendants' motion. ECF No. 19. For the following reasons, it is recommended that defendants' motion to dismiss be DENIED.

I.      **Plaintiff's Allegations**

The allegations in the complaint (ECF No. 1) are as follows.[2] Plaintiff alleges that while

---

[1] Plaintiff previously withdrew a motion to supplement his pleadings (ECF No. 15), and this case currently proceeds on plaintiff's initial complaint. ECF No. 1.

[2] These allegations are from plaintiff's complaint and are accepted as true for the purposes

1

he was at the Sacramento County Jail on October 27, 2019, his left foot was crushed when he slipped while performing an assignment to move heavy duty kitchen equipment.  He claims that defendant Clemments had refused plaintiff's request for better shoes with non-slip soles.  Unidentified deputies allegedly informed plaintiff that only inmate kitchen workers were to be provided non-slip boots, and that inmates responsible for moving kitchen equipment were not to be provided non-slip boots.  Plaintiff was placed on crutches and treated for gashes on the fourth and fifth digits of his left foot.  ECF No. 1.

In screening plaintiff's complaint, this court found that plaintiff stated a potentially cognizable Eighth Amendment claim against defendant Clemments for failing to provide specific shoes to plaintiff while plaintiff was working as an inmate-worker at the Sacramento County Jail.  ECF No. 7.  The court further found that plaintiff stated a potentially cognizable claim against Sacramento County, the Sacramento County Sheriff's Office, and the commander of the Sacramento County Jail for having a policy or practice of only providing non-slip shoes to kitchen staff.  *Id.*

## II.    Legal Standard

A complaint may be dismissed for "failure to state a claim upon which relief may be granted."  Fed. R. Civ. P. 12(b)(6).  To survive a motion to dismiss for failure to state a claim, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).  The plausibility standard is not akin to a "probability requirement," but it requires more than a sheer possibility that a defendant has acted unlawfully. *Iqbal*, 556 U.S. at 678.

Dismissal under Rule 12(b)(6) may be based on either: (1) lack of a cognizable legal theory, or (2) insufficient facts under a cognizable legal theory. *Chubb Custom Ins. Co*., 710 F.3d at 956.  Dismissal also is appropriate if the complaint alleges a fact that necessarily defeats the of this motion.

2

claim. *Franklin v. Murphy*, 745 F.2d 1221, 1228-1229 (9th Cir. 1984).  In resolving a Rule 12(b)(6) motion to dismiss, the court must construe the complaint in the light most favorable to the plaintiff and accept all well-pleaded factual allegations as true (and any reasonable inference supported by the facts).  *Broam v. Bogan*, 320 F.3d 1023, 1028 (9th Cir. 2003).

For purposes of dismissal under Rule 12(b)(6), the court generally considers only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice, and construes all well-pleaded material factual allegations in the light most favorable to the nonmoving party.  *Chubb Custom Ins. Co. v. Space Sys./Loral, Inc.*, 710 F.3d 946, 956 (9th Cir. 2013); *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012).

### III.    Analysis

#### A. Eighth Amendment Failure to Protect Claim Against Defendant Clemments

Plaintiff maintains that defendant Clemments violated his Eighth Amendment rights by failing to protect plaintiff from harm when he was working as an inmate-worker at the Sacramento County Jail.  Specifically, plaintiff contends that assigning him to move heavy equipment on a slippery floor without providing him with non-slip shoes violated his rights.  ECF No. 1.  "The treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment," which prohibits "cruel and unusual punishment."  *Helling v. McKinney*, 509 U.S. 25, 31 (1993).  A  violation of the Eighth Amendment requires a showing of both an "objective component" – the objective seriousness of the challenged condition, and a "subjective component" – the responsible official's subjective state of mind.  *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Wilson v. Seiter*, 501 U.S. 294, 298 (1991).  The Eighth Amendment imposes a duty on prison officials to "provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.'"  *Farmer*, 511 U.S. at 832.

Where a prisoner alleges injuries stemming from an objectively unsafe condition of confinement, prison officials may be held liable only if they acted with "deliberate indifference to

3

a substantial risk of serious harm." *Frost v. Agnos*, 152 F.3d 1124 (9th Cir. 1998) (citing *Farmer*, 511 U.S. at 835). "Whether a prison official had the requisite knowledge of a substantial risk is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence, . . . and a factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious." *Farmer, 511 U.S. at 842.* Thus, a showing of deliberate indifference rests on facts clearly evincing "obduracy and wantonness, not inadvertence or error in good faith." *Whitley v. Albers*, 475 U.S. 312, 319 (1986). "Liability may follow only if a prison official 'knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it.'" *Labatad v. Corr. Corp. of Am.*, 714 F.3d 1155, 1160 (9th Cir. 2013) (quoting *Farmer*, 511 U.S. at 847). The Eighth Amendment does not give rise to a federal cause of action whenever prisoners are inconvenienced or suffer de minimis injuries. *Hernandez v. Denton*, 861 F.2d 1421, 1424 (9th Cir. 1988), *vacated on other grounds sub nom. Denton v. Hernandez*, 112 S. Ct. 1728 (1992).

Defendants maintain that plaintiff has not sufficiently pled an Eighth Amendment claim. Specifically, defendants argue that a slippery floor does not rise to the level of an objectively serious condition such that the Eighth Amendment is implicated. Generally, slippery floors, without more, "do not state even an arguable claim for cruel and unusual punishment" and instead sound in negligence. *See, e.g., Jackson v. Arizona,* 885 F.2d 639, 641 (9th Cir.1989), *superseded by statute as stated in, Lopez v. Smith,* 203 F.3d 1122, 1130-31 (9th Cir.2000); *Reynolds v. Powell*, 370 F.3d 1028, 1031 (10th Cir. 2004) ("Simply put, a slip and fall, without more, does not amount to cruel and unusual punishment. . . . Remedy for this type of injury, if any, must be sought in state court under traditional tort law principles." (internal quotations, brackets and citation omitted)); *Aaronian v. Fresno County Jail*, 2010 U.S. Dist. LEXIS 137724, 2010 WL 5232969, at *2 & *3 (E.D. Cal. 2010) (claim that plumbing leak caused plaintiff to fall did not raise a cognizable conditions of confinement claim).

It is important to bear in mind, however, that confinement "strips [prisoners] of virtually every means of self-protection." *Farmer,* 511 U.S. at 833. Therefore, a condition of confinement, even if harsh, must have some legitimate penological purpose. *See Hudson v.*

4

*Palmer,* 468 U.S. 517, 584 (1984); *Rhodes v. Chapman,* 452 U.S. 337, 347 (1981).  Thus, what might appear to be a mere slip-and-fall claim for negligence might, under some circumstances, constitute a case of deliberate indifference under the Eighth Amendment.  *See Frost v. Agnos,* 152 F.3d 1124, 1129 (9th Cir.1998) (noting that slippery floors without protective measures could create a sufficient danger to warrant relief where prison guards were aware that an inmate was on crutches and fell and injured himself several times.)

Under this framework, plaintiff has adequately pled facts and circumstances that could rise to the level of an Eighth Amendment violation.  ECF No. 1.  Plaintiff has pled a policy or practice of only providing non-slip shoes to kitchen staff.[3]  His allegations include that defendant Clemments refused plaintiff's request for better shoes with non-slip soles and that unidentified deputies allegedly informed plaintiff that only inmate kitchen workers were to be provided non-slip boots, and that inmates responsible for moving kitchen equipment would not be provided non-slip boots.  Plaintiff has also pled that defendant Clemments refused plaintiff's request for better shoes with non-slip soles because plaintiff was moving kitchen equipment but was not assigned to the kitchen.  *Id.*  If taken as true, these allegations show a deliberate disregard for inmates who were required to walk over slippery floors moving heavy equipment without non-slip soles, and knowledge that the risk from slippery floor conditions were of enough concern that other inmates were provided non-slip soles.

Assuming that these allegations are true, the court finds that plaintiff has adequately pled facts tending to show deliberate inference to the risk to inmates working on slippery or wet floors outside of the kitchen area.  *See Frost,* 152 F.3d at 1129.  Plaintiff has alleged facts tending to show both that defendant Clemments was aware of the risk of harm to plaintiff, and that he failed to take reasonable measures to abate it.  *See Labatad v. Corr. Corp. of Am.*, 714 F.3d at 1160.  As such, defendants' motion to dismiss plaintiff's Eighth Amendment claim of failure to protect against defendant Clemments is denied.

////

---

[3] Whether or not this alleged policy had a legitimate penological purpose is a question of fact beyond the scope of a motion to dismiss.  *See Hudson v. Palmer,* 468 U.S. 517, 584 (1984)

5

**B. Eighth Amendment Claim Against the County, the Sheriff's Office, and the Commander of the Sheriff's Office**

Plaintiff also alleges that Sacramento County, the Sheriff's Office, and the commander of the Sheriff's Office violated plaintiff's rights under the Eighth Amendment. As this court noted in its screening order (ECF No. 7), such entities may be subject to section 1983 liability "if [the] policies, whether set by the government's lawmakers or by those whose edicts or acts that may fairly be said to represent official policy, caused the particular constitutional violation at issue." *Streit v. County of Los Angeles*, 236 F.3d 552, 559 (9th Cir. 2001) (internal quotation marks removed) (quoting *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 694 (1978)); *see also Estate of Abdollahi v. County of Sacramento*, 405 F. Supp. 2d 1194, 1211 (E.D. Cal. 2005).

Here, plaintiff has adequately alleged that Sacramento County, the Sacramento County Sheriff's Office, and the commander of the Sacramento County Jail had a policy or practice of only providing non-slip shoes to kitchen staff. ECF No. 1. Furthermore, as discussed *supra,* plaintiff has adequately pled an "underlying constitutional violation" that arose as a result of the policy in question. *See Lockett v. County of Los Angeles*, 977 F.3d 737, 741 (9th Cir. 2020). As such, defendants' motion to dismiss the Eighth Amendment claim against defendants Sacramento County, the Sacramento County Sheriff's Office, and the commander of the Sacramento County Jail must be denied.

## IV. Order and Recommendation

It is hereby ORDERED that the Clerk of Court randomly assign a district judge to this action. For the foregoing reasons, it is RECOMMENDED that defendants' motion to dismiss be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections

6

within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED:  February 18, 2026

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE